IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ODYSSEY CONTRACTING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-338 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHRIS GEORGOULIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendants' Motion (Doc. 11) for Judgment on the Pleadings will be granted, based on the applicable statute of limitations.[1]

Plaintiff sues its former lawyer and his law firm (collectively, "Defendant" or "Attorney") for his handling of the bankruptcy proceedings and appeals in Odyssey Contracting Corp. V. L&L Painting Co., Inc., et al., 2:18-cv-00458 (consolidated lead case, Bissoon, J., presiding). There, the undersigned held that a stipulation entered between the parties in the Bankruptcy proceedings barred an appeal to the District Court. *See* Doc. 30 in 18-458. The decision was appealed to the Court of Appeals for the Third Circuit, which reached the same conclusion. *See* Doc. 15-2 in Civil Action No. 18-456 (W.D. Pa., consolidated member case). Plaintiff filed a petition for writ of certiorari before the Supreme Court, which was denied. *See* webpage:

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-1183.html (petition filed March 24, 2020; denied on May 26, 2020).

---

[1] The Court properly may reach this issue because all of the information necessary to its conclusions is available on the public record.

Attorney claims that he is not subject to personal jurisdiction, and, of that argument, the Court is skeptical. Attorney appeared before the Bankruptcy Court, this District Court and the Court of Appeals for the Third Circuit regarding the matters in question. Although Attorney suggests that his admission pro hac vice is not enough, he did far more. *Compare* Di Loreto v. Costigan, 600 F. Supp. 2d 671, 692 (E.D. Pa. 2009) (citing legal authority for the proposition that "an attorney's entry of a court appearance pro hac vice in the forum state, without more, is not a substantial enough contact to permit that court to exercise jurisdiction over his person") (emphasis added) *with* Wartsila NSD North Am., Inc. v. Hill Int'l, Inc., 269 F. Supp. 2d 547, 557 (D. N.J. 2003) (finding personal jurisdiction where the attorney was actively involved in the prosecution of his client's claims, he traveled to the forum several times to take and defend depositions, he maintained a steady exchange of correspondence and telephonic communication with local counsel and applied for and was granted pro hac vice admission). Defendant has not shown entitlement to judgment on the pleadings on personal jurisdiction grounds.

Attorney's statute of limitations arguments, however, are meritorious. Plaintiff alleges professional malpractice on two grounds: negligence and breach of contract. The tort-based claim is time barred, and the contract claim fails under the gist of the action test.

Plaintiff initiated this action, in state court, on January 5, 2022. *See* dkt. in GD-22-00179 (Allegh. Cty. Ct. Comm. Pls., available online at https://dcr.alleghenycounty.us/Civil/LoginSearch.aspx). Under Pennsylvania's two-year statute of limitations, Plaintiff must demonstrate that the limitations period was tolled until at least January 5, 2020.

It was not. The stipulation was executed on September 13, 2017. The Complaint alleges that Attorney signed it "counter to instructions provided by Plaintiff to preserve the right to

appeal." Doc. 1 at ¶ 10. The latest possible time that Plaintiff knew, or had very good reason to know, that Attorney purportedly acted contrary to its wishes was on December 20, 2018, when this Court entered its orders dismissing the appeal pursuant to the stipulation, and entering final judgment. *See* Docs. 30 & 31. Worse yet, even using the date of the *Court of Appeals'* judgment as the benchmark, Plaintiff remains untimely. *See* Doc. 35 in 18-458 (dated Dec. 12, 2019).

Plaintiff cannot resurrect its claim through reference to its petition for a writ of certiorari. The gravamen of Plaintiff's Complaint is that Attorney signed the stipulation contrary to its instruction. *See* discussion *supra*. That Plaintiff, of its own accord or through former counsel, continued to quibble regarding the stipulation's legal effect cannot save the claim.[2] Plaintiff knew, or reasonably should have known, that its former counsel failed to honor its wishes by no later than December 20, 2018, when this Court entered its orders. *See* discussion *supra*; *cf. also* Clark v. Stover, 242 A.3d 1253, 1255-57 (Pa. 2020) (declining to adopt the "continuous representation" rule, under which the statutes of limitation for legal malpractice would be tolled "until the date on which [the lawyer's] representation was terminated").

Nor can Plaintiff properly avoid the limitations bar by recasting its claim as one sounding in contract. The undersigned agrees with, and adopts, Magistrate Judge Lenihan's well reasoned analyses in Lindner v. Wyrick, 2021 WL 5363324 (W.D. Pa. Jun. 30, 2021) (presiding by consent of the parties). Within the context of legal malpractice, breach of contract claims must emanate from a "specific executory promise." *Id.* at *4 (collecting authority).

---

[2] Although it is not necessary to the analyses here, the Court will acknowledge the "elephant in the room." Petitions for a writ of certiorari are granted in only about 1% of cases. *See* webpage: https://www.supremecourt.gov/about/faq_general.aspx. The suggestion that Plaintiff, a sophisticated business entity, acted reasonably in holding out hope for Supreme Court vindication − instead of timely pursuing claims against its former counsel – strains credulity.

3

Plaintiff has failed to identify one.  No provision of an agreement, retention or otherwise, is cited.  Instead, Plaintiff posits that "Defendant breached his contract with Plaintiff because Plaintiff specially instructed Defendant that [it] did not want [to enter] the stipulation."  Doc. 15 at 6.  Plaintiff's action sounds in tort, not contract, and the tort claim is time-barred.

Consistent with the foregoing, Defendants' Motion (**Doc. 11**) for Judgment on the Pleadings is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.[3]

IT IS SO ORDERED.


October 11, 2022                                        s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[3] Plaintiff has not requested leave to amend.  Even if it had, the statute of limitations bar cannot be overcome by amendment.